IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CHRISTINE LYNN SMITH                                                    PLAINTIFF

vs.                             Case No. 3:16-CV-00012 JTK

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                          DEFENDANT

## MEMORANDUM AND ORDER

Plaintiff Christine Lynn Smith brings this action for review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB). Both parties have submitted appeals briefs, and the case is ready for decision.[1] The only issue before the Court is whether the Commissioner's decision is supported by substantial evidence. After reviewing the administrative record and the arguments of the parties, the Court finds that the Commissioner's decision is supported by substantial evidence.

### Procedural History

Plaintiff protectively filed her application for DIB on January 17, 2013, alleging a disability[2] onset date of June 1, 2011, due to asthma, fibromyalgia, arthritis, migraines, and depression. Tr. 165, 169. Plaintiff's claim was denied at the initial and reconsideration

---

[1]The parties have consented to the jurisdiction of a Magistrate Judge (DE #3).

[2]"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3).

levels. A hearing was held on April 8, 2014, before an Administrative Law Judge (ALJ). The ALJ issued an unfavorable decision, denying Plaintiff's claim on September 30, 2014. The Appeals Council subsequently denied the request for review. It is from this decision that Plaintiff now brings her appeal.

## Administrative Proceedings

Plaintiff was forty-seven years old at the time of the administrative hearing and had past relevant work as a casino floor supervisor and recreation coordinator. Tr. 29, 31. The ALJ applied the five-step sequential evaluation process[2] to Plaintiff's claim. Plaintiff satisfied the first step because she had not engaged in substantial gainful activity since her alleged onset date of June 1, 2011. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: fibromyalgia syndrome, arthritis, asthma, headaches, anxiety, anxiolytic dependence, and depression. Tr. 11. The ALJ further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing. *Id.* Moreover, while the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, he also concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effect of those

---

[2]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that he is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

symptoms were not credible to the extent they were inconsistent with the residual functional capacity (RFC) to perform limited light work.[3] The ALJ found at step four that Plaintiff could not perform her past relevant work, but he found at step five that other jobs existed in the national economy that Plaintiff could perform, including cashier II and restaurant/café attendant positions. Tr. 19. Accordingly, the ALJ found Plaintiff was not under a disability.

## Standard of Review

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a

---

[3]The ALJ found Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk 6 hours in an 8 hour workday; sit for 6 hours in an 8 hour workday; cannot climb ladders; no more than occasionally balance, stoop, kneel, crouch, and crawl; no more than frequent fingering and handling; and must not be exposed to fumes, odors, and gases. Tr. 13.

whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## Discussion

On appeal, Plaintiff asserts the Commissioner's decision that she is not disabled is not supported by substantial evidence on the record as a whole. Specifically, Plaintiff argues the ALJ (1) erred in his credibility determination and (2) improperly drew his own lay inferences from the medical record in determining her RFC. For the reasons outlined below, the Court affirms the Commissioner.

### 1. Credibility

Plaintiff argues the ALJ erred in his credibility determination. Specifically, Petitioner states the "ALJ's RFC finding was based in part on his determination that [she] was not telling the truth about the severity of her pain and resulting limitations." Plaintiff's Brief, DE #17, at p. 13. She points to several alleged flaws in the ALJ's credibility finding, asserting that the ALJ (1) failed to consider her long work record, *id.* at 14; (2) improperly weighed the medical evidence against her and seized upon the absence of symptoms to discredit her fibromyalgia diagnosis, *id.* at 15-16; (3) held against her the fact that none of her doctors placed any limitations on her, although there is no indication they were ever asked to render an opinion, *id.* at 17; and (4) wrongly found that her daily activities were inconsistent with

4

her complaints of pain, *id.* at 18-19. The Court finds no error.

In considering the credibility of a claimant's subjective complaints, an ALJ must consider the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as the following: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions, (6) the claimant's work history, and (7) the absence of objective medical evidence to support the claimant's complaints. *See Mouser v. Astrue*, 545 F.3d 634, 638 (8th Cir. 2008) (quoting *Wheeler v. Apfel*, 224 F.3d 891, 895 (8th Cir. 2000)); *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). However, the ALJ is not required to discuss each factor as long as he acknowledges and considers the factors before discounting a claimant's subjective complaints. *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010) (quoting *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009)). While the ALJ may not disregard subjective pain allegations solely because they are not fully supported by objective medical evidence, *see Chamberlain v. Shalala*, 47 F.3d 1489, 1494 (8th Cir. 1995), an ALJ is entitled to make a factual determination that a claimant's subjective complaints are not credible in light of objective medical evidence to the contrary. *See* 20 C.F.R. §§ 404.1508, 404.1529 (requiring that an individual's subjective complaints of pain alone shall not be conclusive evidence of disability, but must be documented by medical evidence which reasonably could be expected to produce the pain or symptoms alleged). The ALJ need not explicitly discuss each factor, as long as the ALJ

acknowledges and considers the factors before discounting the claimant's subjective complaints. *Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005). Furthermore, the Court will generally defer to the ALJ's decision to discredit the claimant's complaints if the ALJ gave good reasons for doing so. *Halverson*, 600 F.3d at 932.

Here, to the extent that the ALJ did not specifically discuss Plaintiff's work history in consideration of her credibility, there was no error. As previously noted, the ALJ is not required to explicitly discuss each factor. *See Goff*, 421 F.3d at 791. Review of the ALJ's decision shows that he evaluated and considered the entire record. The Eighth Circuit has recognized that fibromyalgia is a chronic condition that is difficult to diagnose and may be disabling, *Garza v. Barnhart*, 397 F.3d 1087, 1089 (8th Cir. 2005) (per curiam), and the ALJ properly found Plaintiff's fibromyalgia to be a severe impairment and took the impairment into account when determining Plaintiff's RFC. The ALJ noted that Plaintiff experienced some pain. However, he found Plaintiff's symptoms were not credible to the extent they were inconsistent with her ability to perform limited light work. The issue is not the diagnosis but the severity of symptoms. *See Perkins v. Astrue*, 648 F.3d 892. 901 (8th Cir. 2011) ("As true in many disability cases, there is no doubt that the claimant is experiencing pain; the real issue is how severe that pain is.") (citations omitted); *Tennant v. Apfel*, 224 F.3d 869, 870 (8th Cir. 2000) ("Although fibromyalgia may cause joint pain and fatigue, the issue before the ALJ was the severity of Plaintiff's fibromyalgia-related symptoms."). The ALJ properly relied on the absence of physician-ordered limitations, daily activities, conservative treatment, and the lack of objective medical evidence. *See Jones v. Chater*, 86

F.3d 823, 826 (8th Cir. 1996) ("The ALJ may discount the claimant's allegations of pain when he explicitly finds them inconsistent with daily activities, lack of treatment, demeanor, and objective medical evidence."). The undersigned does not read the ALJ's reference to the lack of physician-placed limitations as determinative to the ALJ's decision, considering the substantial evidence that otherwise supports the credibility determination. *See Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) ("A treating doctor's silence on the claimant's work capacity does not constitute substantial evidence supporting an ALJ's functional capacity determination when the doctor was not asked to express an opinion on the matter and did not do so, particularly when that doctor did not discharge the claimant from treatment."). While a person does not have to be "bedridden or completely helpless to be found disabled," *see Thomas v. Sullivan*, 876 F.2d 666, 669 (8th Cir. 1989), the ALJ can discredit a claimant's subjective complaints when he or she is able to engage in "extensive daily activities." *See Wagner v. Astrue*, 499 F.3d 842, 851-83 (8th Cir. 207). "Acts which are inconsistent with a claimant's assertion of disability reflect negatively upon th[e] claimant's credibility." *Heino v. Astrue*, 578 F.3d 873, 881 (8th Cir. 2009). For example, a claimant's ability to handle personal care tasks, perform household chores, drive a car for short distances and engage in other activities weighted against his credibility and allegations of disabling pain. *See Gray v. Apfel*, 192 F.3d 799, 804 (8th Cir. 1999). The ALJ here found Plaintiff's activities included independent self care, preparing meals, cleaning her home, doing laundry, driving a vehicle, counting change, and shopping for groceries although she did have the assistance of her husband with some of these tasks. While the ALJ mentioned

7

these activities, they were only one of a myriad of other relevant factors considered.

The Court concludes that substantial evidence supports the ALJ's credibility finding. The ALJ evaluated Plaintiff's credibility under the *Polaski* factors and cited inconsistencies in the record to support his findings. He also gave good reasons for discounting Plaintiff's subjective complaints and discussed the medical records, Plaintiff's daily activities, and other relevant factors. The ALJ was in the best position to gauge Plaintiff's credibility, and on the whole, the Court cannot say that the ALJ's credibility analysis contained fatal error warranting remand.

**2. RFC Determination**

Plaintiff argues next that there is no evidence from any treating or examining doctor that supports the ALJ's finding that she can perform light work. Plaintiff's Brief, DE #17, at p. 19. Plaintiff asserts the ALJ did not even rely on the non-examining state agency doctors opinions when reaching his RFC determination and that there is no mention of any medical opinion regarding her limitations in the ALJ's written decision. *Id.* She further contends that the ALJ did not fully and fairly develop the record in this regard and that, at the very least, her case should be remanded so that the ALJ can obtain a professional opinion regarding her work-related limitations. *Id.* at 21.

An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. *See* Social Security Ruling 96-8p. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace."

*Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (internal citations omitted); *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). The ALJ is not limited to exclusively considering the medical evidence, however. The ALJ "bears the primary responsibility for assessing a claimant's [RFC] based on all relevant evidence." *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000). "Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." *Cox v. Astrue*, 495 F.3d at 619.

The RFC determination is supported by substantial evidence. The ALJ properly considered all of the medical and other relevant evidence of record in making his RFC determination, including Plaintiff's descriptions of limitations, observations of treating and examining physicians and others, and medical records including any observations therein. The ALJ noted Plaintiff's conservative treatment, the absence of objective medical findings to support the disability allegations, and the lack of functional limitations that amount to an inability to perform any work activity. *See Cox v. Astrue*, 495 F.3d 614, 620 n.6 (8th Cir. 2007) (finding substantial evidence to supports the RFC determination because the ALJ's RFC was supported by medical evidence that sufficiently allowed for an understanding of how Plaintiff's limitations functioned in a work environment). Substantial evidence supports the RFC determination because the ALJ's RFC is supported by medical evidence that is sufficiently clear to allow for an understanding of how Plaintiff's limitations function in a work environment. *See Cox v. Astrue*, 495 F.3d 614, 620 n.6 (8th Cir. 2007).

Moreover, while the ALJ bears a responsibility to develop the record fairly and fully,

9

independent of the Plaintiff's burden to prove disability, s*ee Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004), this responsibility does not ordinarily extend to seeking additional clarifying statements from treating physicians unless a crucial issue is undeveloped. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). "[The] ALJ is permitted to issue a decision without obtaining additional medical evidence as long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Warburton v. Apfel*, 188 F.3d 1047, 1051 (8th Cir. 1999) (quoting *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994); *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994)). Here, the Court finds that there was no need for the ALJ to further develop the record, as no issue was left undeveloped.

## Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the Commissioner's final determination and

dismisses Plaintiff's Complaint with prejudice.

SO ORDERED this 10th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE